# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Tamara Jordan, | Civil Action No.: 4:13-cv-00433 |
| Plaintiff, | |
| v. | |
| Southwest Credit Systems, L.P., | **COMPLAINT** |
| Defendant. | JURY |

For this Complaint, Plaintiff, Tamara Jordan, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392, *et seq.* (the "TDCA"), in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Tamara Jordan ("Plaintiff"), is an adult individual residing in Laurel, Montana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Southwest Credit Systems, L.P. ("SCS"), is a Texas business entity with an address of 4120 International Parkway #1100, Carrollton, Texas 75007, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

6. Plaintiff allegedly incurred a financial obligation (the "Debt") to AT&T Wireless (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to SCS for collection, or SCS was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **SCS Engages in Harassment and Abusive Tactics**

10. Within the last year, SCS placed numerous telephone calls to Plaintiff in an attempt to collect the Debt. Several of these calls were received as early as 7:00 a.m.

11. In response to the phone calls, Plaintiff sent SCS a certified letter requesting that it cease all calls. SCS received Plaintiff's letter on May 1, 2013.

12. Despite receipt of Plaintiff's letter, SCS continued to hound Plaintiff with telephone calls in an attempt to collect the Debt.

13. In a telephone call on June 24, 2013, "Reno", a representative from SCS, confirmed that SCS had received Plaintiff's letter. Reno then rudely and aggressively demanded payment from Plaintiff, despite having earlier confirmed that Plaintiff had requested that SCS cease communicating with her regarding the Debt.

C. **Plaintiff Suffered Actual Damages**

14. Plaintiff has suffered and continues to suffer actual damages as a result of

Defendant's unlawful conduct.

15. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted Plaintiff before 8:00 a.m.

18. Defendant's conduct violated 15 U.S.C. § 1692c(c) in that Defendant contacted Plaintiff after having received written notification from Plaintiff to cease communication.

19. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

20. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

21. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

23. Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

26. Defendant is each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

27. Defendant caused a telephone to ring repeatedly, with the intent to annoy or abuse Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

28. Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Punitive damages; and

8. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 2, 2013

                        Respectfully submitted,

                        By */s/ Jody B. Burton*

                        Jody B. Burton, Esq.
                        Bar No.: 71681
                        LEMBERG & ASSOCIATES L.L.C.
                        1100 Summer Street, 3rd Floor
                        Stamford, CT 06905
                        Telephone: (203) 653-2250
                        Facsimile: (203) 653-3424
                        E-mail: jburton@lemberglaw.com
                        Attorneys for Plaintiff